**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SUSAN J. DELCHER,                                             Case No. 1:20-cv-612
    Plaintiff,                                               Litkovitz, M.J.

    vs.

COMMISSIONER OF
SOCIAL SECURITY,                              **ORDER**
    Defendant.

Plaintiff Susan Delcher brings this action pursuant to 42 U.S.C. § 405(g) for judicial

review of the final decision of the Commissioner of Social Security ("Commissioner") denying

plaintiff's applications for disability insurance benefits ("DIB") and supplemental security

income ("SSI").

The administrative record was filed on the docket of the Court on January 5, 2021. (Doc.

12).  On January 6, 2021, the Court issued a scheduling order providing that plaintiff shall file a

statement of errors setting forth the bases upon which plaintiff seeks reversal or remand within

forty-five days after service of the administrative record.  (Doc. 13).  On February 22, 2021, the

Court granted plaintiff's unopposed motion for an extension of time to file the statement of

errors.  (Docs. 14, 15).  Plaintiff thereafter filed five unopposed motions for extensions of time

based on the extenuating personal circumstances of counsel for plaintiff (Docs. 16, 18, 20, 22,

24), which were all granted by the Court (Docs. 17, 19, 21, 23, 25).  Most recently, plaintiff was

granted an extension of time until September 4, 2021 to file a statement of errors.  (Docs. 24,

25).

On October 22, 2021, the Court issued an Order to plaintiff to show cause, in writing and

within 20 days of the date of its Order, why the Court should not dismiss this case for lack of

prosecution.  (Doc. 26).  The Order notified plaintiff that the Court would be inclined to grant

plaintiff one further extension of time if one was requested.  (*Id*.).  To date, more than 20 days later, plaintiff has not filed a response to the Order to Show Cause or requested an extension of time.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)).  Plaintiff's failure to respond to the Order to Show Cause (Doc. 26) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter.  *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE ORDERED THAT:**

1.  Plaintiff's complaint against the Commissioner (Doc. 3) is **DISMISSED with prejudice** for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2.  The Clerk is **DIRECTED** to enter judgment whereupon this action is **TERMINATED** upon the docket of this Court.

3.  Pursuant to 28 U.S.C. § 1915(a), the Court certifies that an appeal of this Order would not be taken in good faith and, therefore, the Court **DENIES** plaintiff leave to appeal *in forma pauperis*.

Date:  __11/29/2021__

Karen L. Litkovitz
Chief United States Magistrate Judge

2